[Sac. No. 1944. Department Two.—September 27, 1912.]

# VICTORIA ALDEN, Appellant, v. C. E. MAYFIELD, Respondent.

[Sac. No. 1940. Department Two.—September 27, 1912.]

# VICTORIA ALDEN, Respondent, v. C. E. MAYFIELD, Appellant.

LANDLORD AND TENANT—ORAL WAIVER BY AGENT OF NOTICE TO INCREASE RENT.—After the service on a tenant from month to month of a written notice of an increase of rent, an agent of the landlord, having the actual or ostensible power so to do, may waive the increase by a parol agreement with the tenant, and the landlord is bound by the waiver.

ID.—NOTICE TO QUIT—WAIVER OF NOTICE BY AGENT OF LANDLORD—REVOCATION OF AGENT'S AUTHORITY—ACTS CONSTITUTING WAIVER UNKNOWN TO LANDLORD.—Such a tenant, after the service on him of a formal notice to quit and surrender possession of the leased premises, cannot justify his subsequent withholding of the possession because of an asserted waiver of the notice to quit by an agent of the landlord, if he knew at the time of the performance of the acts claimed to constitute the waiver, that the agent's authority in the matter had been revoked, and the performance of such acts were unknown to the landlord.

ID.—TENANCY FROM MONTH TO MONTH—INTERFERENCE WITH TENANCY—LOSS OF PROFITS.—A tenant under a tenancy from month to month is as much entitled to damages for an illegal interference with his tenancy as is any other tenant, and in proper cases damages may be predicated upon a loss of prospective profits.

ID.—APPEAL—ERRONEOUS CONCLUSIONS OF LAW—DIRECTION TO ENTER PROPER JUDGMENT UPON FINDINGS—UNATTACKED FINDINGS SHOWN ERRONEOUS IN DIFFERENT APPEAL.—Ordinarily where an appeal presents a case where the findings are unattacked and are sufficient to support a judgment in favor of the appellant, but the conclusions of law are erroneously drawn from the findings, the appellate court will reverse the judgment, with directions to the lower court to enter a correct judgment upon the findings. It will refuse, however, to do so, in any case where such a direction would be to countenance a grave injustice, and refuses to do so in the appeal in question, as it is shown, by another appeal in the same case, that a controlling finding is unsupported by the evidence.

APPEALS from a judgment of the Superior Court of Solano County and from an order refusing a new trial. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

W. U. Goodman, for Plaintiff, appellant in No. 1944 and respondent in No. 1940.

T. T. C. Gregory, for Defendant, respondent in No. 1944 and appellant in No. 1940.

HENSHAW, J.—Plaintiff sued in ejectment to recover possession of certain property, which possession was withheld by defendant after service upon him of thirty days' notice to quit. In separate counts and causes of action plaintiff sought to recover, besides the possession of the property, damages for its detention and the value of the rents and profits. (*Sullivan* v. *Davis,* 4 Cal. 291; *Johnson* v. *Visher,* 96 Cal. 310, [31 Pac. 106].)

.The admitted facts are that Victoria Alden, plaintiff, was the owner of a store in Suisun which the defendant had been occupying under a tenancy from month to month, paying therefor a rental of sixty-five dollars a month. In June, 1908, there was served upon the defendant a notice of an increase of rent from sixty-five dollars a month to one hundred dollars a month. This increase in rent was never paid by defendant, but defendant continued in possession, paying sixty-five dollars a month and contending that the notice of an increase of rent was waived by R. C. Haile, agent of the plaintiff, duly authorized to make such waiver. Haile resided in Suisun, Mrs. Alden, his mother, resided in Oakland, and Haile managed her property. By direction to Haile the rent was to be deposited each month in a local bank to the credit of plaintiff. In the latter part of March, 1910, Mrs. Alden was at her bank in Suisun and discovered that the defendant had been paying not one hundred dollars a month but sixty-five dollars a month. She sought and had an interview with him at the bank, in which interview she demanded the payment of the back rent. Defendant refused to acknowledge the indebtedness saying that her son

Richard had declared that the rent should remain without increase. Mrs. Alden then informed him that Mr. Haile had no authority to reduce the rent, and upon the defendant's offer to pay one hundred dollars a month if he could secure a lease for a term of years, Mrs. Alden answered that she declined to have anything further to do with him and would not let him remain longer in possession of the property under any circumstances. Mrs. Alden then immediately consulted her attorney, and upon May 2, 1910, served upon defendant a formal notice to quit and surrender possession upon the last day of May, 1910. (Civ. Code, sec. 827.) The complaint alleged that the defendant "refused on the 1st day of June, 1910, to deliver up said possession of the said premises to said plaintiff and continues in possession of same without the consent and against the will and wish of plaintiff; that said defendant now withholds the possession of said premises from the said plaintiff." This allegation is not denied by the answer. But notwithstanding his failure to deny, defendant undertakes to plead a waiver of the notice to quit and does so by averring that under the terms of the lease he was to deposit the rental upon the first of each and every month in a local bank to the credit of plaintiff; that all sums paid as rental have been so deposited; that on or about June 1, 1910, and on or about the first of each succeeding month defendant has deposited a like sum in like manner; that "R. C. Haile, agent of plaintiff as aforesaid, is duly authorized to draw from the bank any money on deposit there to the credit of plaintiff; that said R. C. Haile knew that the notice to quit had been served as therein alleged ever since on or about April 12, 1910, and with full knowledge of the breach thereof and that defendant was in possession of the said premises contrary to the said notice, accepted the said sum deposited as the rent for June and with full knowledge thereof has accepted a like sum on or about the 1st of each and every succeeding month.

Appeal No. 1944. The foregoing outlines the important issues presented upon this appeal, which is taken by the plaintiff from the judgment and from the order denying her motion for a new trial. The court's findings were in favor of the defendant as to the agency of Haile and his waiver of the increase in rent to one hundred dollars a month,

which was to go into effect upon the thirty-first day of July, 1908. The waiver it is found was an oral waiver. Upon the waiver of the notice to quit and surrender possession, the findings follow the allegations of the answer.

Appellant attacks these findings as being unsupported. The first to invite consideration are those which find that Haile, the duly authorized agent of plaintiff, waived the increase of rent from sixty-five dollars to one hundred dollars a month. Without reviewing the evidence it is enough to say that there is sufficient to establish the agency and the power of Haile to make this waiver. It is true that the notification was in writing and that the waiver was by parol agreement. (Civ. Code, sec. 1698.) But it sufficiently appears from the unconditional acceptance by the agent of the lesser amount of rent that the oral agreement became executed and therefore binding. It is argued that Mrs. Alden knew nothing of this purported waiver, and this is doubtless true. Yet she had clothed her son as her agent, actual or ostensible, with sufficient power to make the waiver, and she is bound by his conduct in so doing. True it is, also, that Haile, who at the trial was dead, had denied by verified answer that he had ever agreed to such a waiver. True it is that in other respects the evidence upon the matter is sharply conflicting, but, as has been said, there is sufficient to support the finding of the court in this regard.

The same, however, cannot be said of the finding of the waiver of the notice to quit. All the facts and all the circumstances demonstrate that there was no waiver and that the defendant never honestly believed that there was a waiver. Those facts and circumstances are the following: He knew, and so testifies, that in March, 1910, Mrs. Alden insisted upon the payment of the back rent and refused to accept his explanation that her son had waived it, then telling him in terms that her son had no authority so to do. He knew, and so testifies, that because of this difference and of other grievances which Mrs. Alden entertained against him, she refused and to him declared that she refused to allow him longer to occupy her premises upon any terms. He knew that the notice to quit was thereafter promptly served upon him. He knew who Mrs. Alden's attorney was and consulted that attorney, seeking a way out of his diffi-

culties, and was by this attorney informed that he, the attorney, had sole charge of the matter and that Haile had nothing further to do with the property. He was by this attorney informed that the notice to quit would be enforced and that he would be expected to deliver possession upon the first day of June following. In his answer he even admits that he was withholding possession without the consent and against the will of the plaintiff, but seeks to justify that holding because of an asserted waiver by the agent of plaintiff. And in what did that waiver consist? His tenancy terminated with the beginning of June 1st. Yet upon June 1st he deposits with the bank not even the one hundred dollars a month rental insisted upon by Mrs. Alden, but sixty-five dollars. He did this without notice to Mrs. Alden, to her attorney, or to Haile. This action in ejectment was begun the day after. Nothing could more clearly evince a refusal to waive the terms of the notice, or a refusal to accept rent, than the commencement of this action, and yet it is contended and found, because this amount was thus slipped into the bank and by the bank placed to the credit of the plaintiff, that she had waived her right to enforce the termination of the tenancy. To this point the contention is so preposterous as not to merit discussion. But it is said that the tenant continued month by month so to deposit the sixty-five dollars, and that Haile must have known of this, and that therefore Haile's acceptance and use of the money constitutes the waiver, though admittedly Haile's principal, the plaintiff herein, knew nothing about it. The difficulty with this argument is that the defendant was informed before the deposit of money, both by the principal and by her attorney, that Haile no longer had anything to do with the matter, and we repeat that defendant's endeavor under those circumstances to re-establish the relationship of tenancy with the landlord who had repudiated him and terminated the tenancy was but a shallow bit of subterfuge and trickery. In this connection it should be added that doubtless on the theory that Haile's agency and his power to waive the terms of the notice to quit had been established, the court improperly refused to allow plaintiff to testify that only at the trial had she for the first time discovered that defendant had so deposited the money, that such deposits

were without her authority and that she instructed the
bank to return them. Still further in this connection it is
to be noted that the defendant does not deny, as it was in-
cumbent upon him to deny, the allegation that he was hold-
ing over against the will and consent of the plaintiff. This
he admits and the admission under the circumstances is a
pregnant one. It amounts to an admission that he knew
there was no waiver and no continuation of the tenancy so
far as plaintiff was concerned. The testimony as to the
receipt of the rents amounts to no more than this. The
plaintiff owned other pieces of property and had other ten-
ants thereon. One and all they were instructed to deposit
their rents when due to her credit in the local bank. The
local bank received these deposits and credited them to the
account of plaintiff. Not having received positive instruc-
tions from the plaintiff to the contrary, they received the
deposits made by defendant on and after June 1st, entered
them in a bank-book and credited them to the account of
plaintiff. It does not appear except inferentially, and be-
cause of the fact that Haile had possession of the bank-book
from time to time, that even Haile knew that defendant was
depositing moneys for rent, and it certainly does not appear
that Haile ever knew that defendant was claiming that he
(Haile) had assented to a continuation of the tenancy and
to a waiver of the notice to quit. The unconditional accept-
ance by a landlord of moneys as rent, which rent has ac-
crued after the time the tenant should have surrendered pos-
session, will constitute strong evidence of the landlord's
waiver of his notice to quit. (18 Am. & Eng. Ency. of
Law p. 402.) But waiver always rests upon intent. Waiver
is the intentional relinquishment of a known right after
knowledge of the facts. (*Silva* v. *Campbell,* 84 Cal. 422,
[24 Pac. 316].) Therefore the evidence, so far from estab-
lishing a waiver, with all that a waiver implies—a meeting
of minds and the intentional forbearance to enforce a right
—clearly establishes that there was no waiver, but only an
effort by defendant surreptitiously to do something which
might in some way advantage him and enable him the longer
to hold possession. This is made manifest from the fact
that defendant was not prepared to leave the building, had
no other location or store in which to move his goods, and

was desirous of remaining where he was until he could secure other accommodations. The finding in this respect being unsupported it follows that the judgment and order appealed from should be reversed and the cause remanded for a new trial. And it is ordered accordingly.

Appeal No. 1940. Besides answering plaintiff's complaint, defendant cross-complained and presented as grounds of cross-complaint the disturbance of his quiet possession and the injury to his business occasioned by the acts of Haile, agent of plaintiff, while defendant was occupying the premises as the tenant of plaintiff. In particular the cross-complaint charged that:

"Within the last year, and both before and after June 1, 1910, the said R. C. Haile, agent as aforesaid, entered the said premises and threatened to immediately remove defendant and his said stock of merchandise from the premises. Said R. C. Haile on all of these occasions told the defendant that he owed many thousands of dollars back rent and requested its payment, and demanded possession of the premises on behalf of plaintiff and as her agent and said that the said plaintiff was entitled to the possession thereof. The said R. C. Haile, agent as aforesaid, on all of these many occasions talked in a loud and threatening manner. On one of the said occasions it was necessary for the defendant to eject the said Haile from the said premises on account of the great disturbance he was creating."

The court found in accordance with the allegation last above quoted and further found that "the quiet enjoyment and possession of defendant was molested and disturbed to such an extent that he concluded to sell and did sell his said stock at a great sacrifice and at more than $3,127.59 below its real worth and cost and suffered a loss thereby including prospective benefits of more than $7,691.22." Further findings of the court are identical with those just considered in the previous appeal, and are to the effect that the tenancy was continued after June 1st, through the waiver of the notice to quit. The court's unexplained conclusion of law from these findings is that the plaintiff take nothing by his cross-complaint, and judgment upon the cross-complaint was entered accordingly. From that judgment cross-complainant and defendant Mayfield appeals upon the

judgment-roll alone, and urges, with justice, that the tenant under a tenancy from month to month is as much entitled to damages for an illegal interference with his tenancy as is any other tenant. This is true. (*Heilbron* v. *Centerville & Kingsburg Irr. Ditch Co.,* 76 Cal. 8, [17 Pac. 932] ; *Dwyer* v. *Carroll,* 86 Cal. 298, [24 Pac. 1015] ; *McDowell* v. *Hyman,* 117 Cal. 67, [48 Pac. 984].) And in proper cases damages may be predicated upon a loss of prospective profit. (*Lambert* v. *Haskell,* 80 Cal. 611, [22 Pac. 327] ; Civ. Code, sec. 3300; *Hawthorne* v. *Siegel,* 88 Cal. 159, [22 Am. St. Rep. 291, 24 Pac. 1114].) Appellant next contends upon the authority of such cases as *Overacre* v. *Blake,* 82 Cal. 77, [22 Pac. 979], that this appeal presents a case where the findings are unattacked and are sufficient to support a judgment in his favor, but that the conclusions of law are erroneously drawn from the findings, that since the findings establish that the judgment should be in his favor, this court will reverse the judgment upon appeal, with directions to the court below to enter a correct judgment upon the findings. In many cases, indeed it may be said that ordinarily, such would be the ruling and direction of this court. But not so here, nor in any case where to do so would be to countenance a grave injustice. In this case, as in the preceding appeal, the whole superstructure rests upon the finding of the continuation of defendant's tenancy after June 1st. That finding, as we have said and discussed, is unsupported, and upon direct appeal the case in which that finding has been made has been reversed. To grant appellant's request in the present instance would be to countenance a judgment based upon this unsupported finding and cast the plaintiff in damages in the sum of over seven thousand dollars, for no dollar of which the record shows her justly liable. Under the plenary powers vested in this court by section 53 of the Code of Civil Procedure, it will order a judgment only in a proper case and order a new trial where the action seems to demand it. Certainly this is such an occasion. For, in addition to what has already been said, the allegation of the cross-complaint and the finding of the court thereon still further negative the idea that Haile could have waived or could have believed that he had waived the notice to quit, or could in any other way have recognized the

continuance of the tenancy, since the finding is that before and after June 1st he was repeatedly threatening to remove defendant and his stock of merchandise from the premises and demanding possession of the premises—conduct absolutely foreign to any notion of a waiver and a renewal of tenancy.

Wherefore the judgment here appealed from is reversed and the cause remanded for a new trial.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.