[Civ. No. 3195.  Second Appellate District, Division Two.—June 14, 1920.]

## JAMES S. JONES, Respondent, v. J. DELLA MARIA, Appellant.

[1] LANDLORD AND TENANT—BREACH OF COVENANT BY LESSEE—SUBSEQUENT ACCEPTANCE OF RENT—WAIVER OF FORFEITURE.—The acceptance of rent by a lessor, after service of a three days' written notice on the lessee demanding that the latter furnish a bond to guarantee the performance by him of all the covenants and agreements of his lease as agreed therein, or that he redeliver possession of the leased premises, and after the commencement of an action in unlawful detainer, constitutes a waiver of the lessee's forfeiture of the leasehold for failure to give such bond and of the lessor's right to maintain such action.

[2] ID.—WAIVER OF FORFEITURE—RIGHT OF ELECTION BY LESSOR.—Notwithstanding the breach by a lessee of any covenant he may have made in his lease, the lessor may or may not elect to treat the breach as a forfeiture of the lease; and, notwithstanding the lessor has elected to treat the lease as forfeited, because of some breach of covenant by the lessee and notified the latter to perform such covenant or redeliver possession, he can thereafter waive the forfeiture of the lease and his right to insist thereon as a ground for restitution of possession and cancellation of the lease.

[3] ID.—WAIVER—WHAT CONSTITUTES.—Waiver is the intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right—an election by one to forego some advantage he could have taken or insisted upon—and once such right is waived, it is gone forever.

[4] ID.—CONTINUING COVENANT—WAIVER OF PAST FORFEITURE—CONTINUING BREACH—RIGHT OF LESSOR.—Where the covenant of the lease is a continuing covenant, and the tenant continues to breach it after the landlord has waived his right to insist upon a past forfeiture of the lease, such continuing breach after such waiver may afford ground for again electing to treat the lease as forfeited by again giving the three days' notice required by section 1161 of the Code of Civil Procedure, and commencing a new action for restitution of possession and cancellation of the lease, based upon such renewal or continuance of the cause of forfeiture.

[5] ID.—WAIVER OF PAST FORFEITURE—NECESSITY FOR RENEWED ELECTION AND NOTICE.—In such case, until the landlord renews his election to treat the lease as forfeited by giving a new statutory notice, and until he commences a new action to enforce such new cause of forfeiture, the tenant cannot be dispossessed for the past

forfeiture that the landlord has waived by conduct that is consistent only with a recognition of the continued existence of the lease.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Reversed.

The facts are stated in the opinion of the court.

J. Stewart Ross and R. B. Whitelaw for Respondent.

Jas. W. Glassford and Hickox & Crenshaw for Appellant.

FINLAYSON, P. J.—This is an action for unlawful detainer, brought under subdivision 3 of section 1161 of the Code of Civil Procedure. Judgment passed for plaintiff, and defendant appeals.

The complaint, in the form usual in such actions, alleges a lease of the premises by plaintiff to defendant, under a written lease, for the term of three years and six months from and after October 1, 1916, at a monthly rental of fifty dollars. In their lease contract the parties agreed that the lessee should execute a bond in the penal sum of one thousand dollars, with sureties satisfactory to the lessor, to guarantee the performance by the lessee of all his covenants and agreements. Defendant neglected to give such bond, and, on November 11, 1917, plaintiff served a written notice demanding that defendant furnish the bond or redeliver possession. Defendant failed to comply with the demand and plaintiff, on November 26, 1917, brought the action.

[1] At the trial plaintiff testified that in January, 1918, which was after he had commenced this action, he received from defendant rent up to the end of that month. According to this testimony he must have received, in January, 1918, rent for the months of October, November, and December, of 1917, and for the month of January, 1918. The only construction of which plaintiff's testimony is susceptible is that the money received by him from defendant during the pendency of the action was paid to and accepted by him as rent due under the lease, and not as the value of the use and occupation of the premises by defendant after forfeiture of the lease. The acceptance of such rent by plaintiff was a

waiver of defendant's forfeiture of the leasehold and of plaintiff's right to maintain this action.

The right to recover possession in an action such as this is based on the idea that the tenant has forfeited his leasehold. [2] Notwithstanding the breach by a lessee of any covenant that he may have made in the lease contract, the lessor may or may not elect to treat the breach as a forfeiture of the lease. Here, by his notice to give the bond or redeliver possession, served November 11, 1917, and by this action for restitution of possession and the cancellation of the lease, plaintiff elected to treat the lease as forfeited. But notwithstanding this election he thereafter could waive the forfeiture of the lease and his right to insist thereon as a ground for restitution of possession and cancellation of the lease contract. This plaintiff did by accepting rent for months succeeding that in which he served upon defendant the three days' notice. [3] Waiver is the intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right—an election by one to forego some advantage he could have taken or insisted upon. A person who is in a position to assert a right or insist upon an advantage may, by his words or conduct, and without reference to any act or conduct of the other party affected thereby, waive such right. Once such right is waived, it is gone forever; the person who has waived the right will thereafter be precluded from asserting it. "The courts, not favoring forfeitures, are usually inclined to take hold of circumstances which indicate an election to waive a forfeiture." (*Queen Ins. Co.* v. *Young,* 86 Ala. 424, [11 Am. St. Rep. 51, 5 South. 116].)

Under section 1161 of the Code of Civil Procedure the landlord, after giving the three days' notice there provided for, has the right to maintain an action for restitution of possession and cancellation of the lease. The attitude of the landlord, after such notice and the commencement of an action to cancel the lease, is that the tenant no longer is entitled to possession by virtue of the lease contract—that the tenant has forfeited his leasehold. Having elected to treat his tenant as no longer entitled to possession or to any right under the lease, the landlord's course must be consistent with this claim in the further progress of the proceeding that he has instituted. And if thereafter he accept rent accru-

ing subsequently to the demand for possession or accruing subsequently to the commencement of the action, and accept it as rent *eo nomine*, that is, as payment under the original lease contract, he affirms that the lease is still in existence, and thereby waives the forfeiture that he has elected to enforce. By his own acts he admits the continuance of the lease, and waives any prior forfeiture. A landlord who thus recognizes a lease as a subsisting, operative contract should not be permitted to insist upon a past forfeiture, nor be permitted to assert that the contract is no longer a subsisting lease affording to the tenant all his contractual rights thereunder. (*Guptill* v. *Macon etc. Co.*, 140 Ga. 696, [Ann. Cas. 1915A, 1249, and notes, 79 S. W. 854]; *Kenny* v. *Seu Si Lun*, 101 Minn. 253, [11 Ann. Cas. 60, 11 L. R. A. (N. S.) 831, and notes, 112 N. W. 220]. See, also, *Randol* v. *Tatum*, 98 Cal. 390, [33 Pac. 433].)

[4] Respondent seeks to avoid the effect of this waiver of the forfeiture upon the theory that the covenant to give the bond was a continuing covenant and its breach a continuing breach. It undoubtedly is the rule that where the covenant is a continuing covenant and the breach a continuing breach, so that there is a continuing cause of forfeiture, the landlord, by accepting rent that has accrued subsequently to any breach of such covenant, is not precluded from taking advantage of any forfeiture occurring after such acceptance of rent. (*McGlynn* v. *Moore*, 25 Cal. 384; *Jones* v. *Durrer*, 96 Cal. 95, [30 Pac. 1027].) But though the waiver of the breach of a continuing covenant will not preclude the landlord from taking advantage of a cause of forfeiture that occurs subsequently to such waiver, the waiver will discharge any forfeiture occurring previously thereto. Therefore, even if, as claimed by respondent, the covenant to give the bond be a continuing covenant, and its breach a continuing breach, that fact does not help him here, because where, as here, the forfeiture relied upon as the basis of the landlord's right to maintain the action of unlawful detainer has been waived subsequently to the commencement of the action, it is of no consequence, so far as that action is concerned, that the covenant is a continuing covenant and its breach a continuing breach. Where the covenant is a continuing covenant, and the tenant continues to breach it after the landlord has waived his right to insist upon a past forfeiture of

the lease, such continuing breach after such waiver may afford ground for again electing to treat the lease as forfeited by again giving the three days' notice required by the code and commencing a new action for restitution of possession and cancellation of the lease, based upon such renewal or continuance of the cause of forfeiture. [5] But until the landlord renews his election to treat the lease as forfeited by giving a new statutory notice, and until he commences a new action to enforce such new cause of forfeiture, the tenant cannot be dispossessed for the past forfeiture that the landlord has waived by conduct that is consistent only with a recognition of the continued existence of the lease contract. In this action plaintiff must recover, if at all, upon the right of forfeiture that existed when he commenced his action. But that right he waived, after the action was commenced, by conduct inconsistent with its exercise.

Judgment reversed.

Thomas, J., and Weller, J., concurred.