[Civ. No. 5581. Second Appellate District, Division Two.—October 4, 1927.]

P. M. REIDY, Respondent, v. J. T. MILLER et al., Appellants.

E. J. Miller and Leland S. Bower for Appellants.

I. Henry Harris for Respondent.

CRAIG, Acting P. J.—This is a suit concerning the same transaction as *Miller* v. *Reidy*, No. 5580 (*ante*, p. 757 [260 Pac. 358]). Only a few facts need be here mentioned in addition to those stated in the opinion in that case. In this action Reidy filed a complaint in which he sought to recover $2,000 with interest deposited with the lessors by the original lessee, Rutledge, as security for the faithful performance of the lease. After trial by the court without a jury judgment as prayed was entered for the plaintiff, and the defendants appeal therefrom. A number of grounds are advanced as reasons for reversal.

The assignment of his interest in the lease by Reidy to the Los Angeles Haynes Company did not constitute a breach of the covenant against assignment. (*Miller* v. *Reidy, supra.*) ▮ Appellants are not in a position to question the assignment to Reidy of the deposit money in dispute, since the amended complaint alleges such assignment to have been made, and the answer thereto makes no denial of that allegation; hence the trial court properly accepted it as true.

▮ Appellants devote much of their briefs to argument that since the complaint alleges performance by the lessee, recovery must be had if at all upon proof of such performance, and that findings in favor of the plaintiff and

respondent to the effect that the latter had broken a covenant of the lease, but that such breach had been waived by the lessors was unauthorized by law and erroneous. The simple answer to this contention is that the court made no such findings. In *Miller* v. *Reidy, supra,* findings of this nature were made, but, as appellants point out, in another part of their brief, these cases were not consolidated for the purposes of trial, but by stipulation are merely companion cases upon appeal. What the court did find in the instant case was that all the terms and conditions of the lease had been performed by the lessees and their assigns except that they did not pay rent after the first day of January, 1925, but remained in possession until and including the third day of January, 1925, and that the respondent should reimburse appellants for damages suffered to the premises in the sum of $173.20. This was a finding of substantial performance of the terms of the contract by the lessees and their assignees. The purpose of the deposit of $2,000 made by Rutledge was that it should be "security for the payment of rent and the faithful performance by the lessee of each and all of the obligations herein undertaken by him." Such a stipulation does not warrant the stand of the lessors herein that the slightest default upon the part of the lessees will preclude them from receiving the balance of the money on deposit after deduction of a sum sufficient to fully compensate the lessors for all damage resulting from the default. In contemplation of the fact that the trial court found that the full damage resulting to the lessors amounted to but $173.20, appellants insist that they may retain the entire fund of $2,420, principal and interest, unless respondent is able to show complete compliance with every term and condition of the lease and that such necessity is a condition precedent which has not been met by respondent. Under the circumstances above stated the findings of the trial court are sustained by evidence and its adjustment of the matter is justified by principles both of equity and of law. It is in accord both with the fair interpretation of the contract as written and with the equitable aversion to the decreeing of a forfeiture, which would result if the lessors' exaction in this behalf were upheld.

Appellants insist that Reidy has no standing in this action because he either never received an assignment of the right

to recover the deposit in question, or, if he did, that he has assigned it to the Los Angeles Haynes Company. As we have pointed out, by failure to make denial it was admitted that Reidy received an assignment of the $2,000 fund from Buxton. ▮ In supporting the alternative position appellants cite a number of cases to the effect that "plaintiff, having parted with his interest in the lease, is not damaged," none of which pertain in any way to the point under discussion. For instance, *McAllister* v. *Clement*, 75 Cal. 182 [16 Pac. 775], involved a suit for damages for alleged failure of a notary public to attach his certificate to a document acknowledged before him. *Bowman* v. *Wohlke*, 166 Cal. 121 [Ann. Cas. 1915B, 1011, 135 Pac. 37], was an action for damages based upon an asserted conspiracy. In neither of these cases was any kind of assignment mentioned, nor are the other decisions referred to on this phase of the appeal at all in point. It appears to be a fact that the assignment by Reidy to the Los Angeles Haynes Company contained no reference to the deposit with the Millers. It purported to be merely an assignment of the lease. Under these circumstances Reidy retained the right to recover the money. (*Pike* v. *Psihogios*, 68 Cal. App. 145 [228 Pac. 722].) In so concluding and adjudging we think the trial court committed no error.

▮ Appellants claim that other evidence offered by respondent shows that he had assigned his interest to the Los Angeles Haynes Company. The evidence to which reference is made is the agreement between Reidy and the company by which the latter was to pay the former $5,000 in cash, $2,000 of which was to be held as security for carrying out the terms of the lease, and finally to be applied in payment of the rent for the last four months of the lease, at the stipulated rate of $500 per month. There is nothing to connect this agreement with the contract of the Millers. It is mere conjecture to say that the parties had that deposit in mind, and to so hold would require that we read into the contract between Reidy and the company an entire provision not contained therein.

▮ Appellants insist that the term of the lease did not begin until February 1, 1920, and that therefore rent should have been paid for the entire month of January, 1925. The lease provides that the term shall be for five years from

January 1, 1920, or as soon thereafter as possession might be had. The trial court found that possession was surrendered to the lessors January 3, 1925. We are referred to a statement by the witness Miller, who was asked when the lessee took possession. However, he did not answer the question, but instead said: "When this was written, and it went into effect when the building was completed, February 1, 1922." Later, he corrected the statement to make the year indicated 1920. The answer just quoted was a conclusion of the witness and was flatly contradictory. It surely cannot be used as a basis for a finding, and we are referred to no other testimony as to the exact date on which possession was taken by the lessee.

■ In one contention appellants are correct. The trial court allowed interest at the rate of seven per cent from the third day of January, 1925, until August 16, 1926, the date of the entry of judgment. The lease agreement stipulated that the money on deposit should bear interest at the rate of four per cent per annum. This rate of interest should have been continued until judgment. (Civ. Code, sec. 3289.)

It is ordered that the judgment be modified as indicated in this regard, and as so modified it is affirmed.

Thompson, J., and Collier, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 2, 1927, and a petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 1, 1927.