[Civ. No. 5580. Second Appellate District, Division Two.—October 4, 1927.]

J. T. MILLER et al., Appellants, v. P. M. REIDY, Respondent.

E. J. Miller and Leland S. Bower for Appellants.

I. Henry Harris for Respondent.

CRAIG, Acting P. J.—At all the times herein mentioned Dr. J. T. Miller and his wife, Hulda S. Miller, have been the owners of real property situated at 1140 to 1142 South Figueroa Street, Los Angeles, and the business building thereon. They leased the premises to one Rutledge, doing business under the name of Rutledge Motor Company. By the provisions of the lease the latter's tenancy began on the first day of February, 1920, and continued for a term of five years. It was stipulated in the lease:

"That the lessee shall not assign the lease nor sublet any or all of the demised premises without the written consent of the lessor first had and obtained and any attempt so to do shall be void and confirm no rights on any third party . . . that should the lessee default in any of the covenants or violate any of the provisions thereof, the lessor at his option may re-enter and take possession of the premises and remove all persons and property therefrom. Before lessor retakes possession of said premises, he shall give lessee three days' written notice within which time lessee may cure such default. Upon taking possession as above stated, lessor may either terminate the lease and recover from the lessee all damages resulting from lessee's breach of the lease or the lessor may relet the whole or any part of the premises on such terms and conditions as he may with reasonable diligence obtain, and the lessee shall be liable for any deficiency in rent," etc.

Also, "provided the lessee shall have faithfully performed all of said obligations in the manner herein provided, upon the delivery of said premises to the lessor, said lessor shall return said sum to the lessee; or said lessor may at his option apply said sum or any part thereof remaining in his hands to the credit of the lessee on account of any rent coming due hereunder."

Rutledge made the deposit of $2,000 required by the lease. Later, with the written consent of the lessors, he assigned his interest in that conveyance to one Buxton, who, on February 10, 1922, also with written consent of the lessors assigned the same to P. M. Reidy. In October, 1922, Reidy, without the consent, written or otherwise, of the lessors, assigned his interest to the Los Angeles Haynes Company. Immediately thereafter the lessors notified Reidy that he had violated the

terms of the lease by subletting without their written consent. The notice also demanded that Reidy cause the Los Angeles Haynes Company to remove from the premises or return possession to the lessors. Reidy did neither. However, he continued to pay rent in advance, which the lessors accepted, but upon each occasion J. T. Miller gave a receipt which included a statement that in receiving the money such receipt should be "without prejudice to any of my rights under the lease of said premises." The next action taken which requires mention was on October 24th, when the lessors served a second notice on the respondent herein, similar in import to the first. Again the latter made no move to comply with the requirements of the notice. Then the lessors instituted an action in unlawful detainer, and in addition to asking for possession, prayed judgment for recovery of the reasonable rental value of the premises, which was alleged to be $250 per month since October 1, 1922. After a trial judgment was rendered for the defendant Reidy. This was, presumably, conformable to the defenses contained in the answer and to the findings of the court, in effect as follows: That although the plaintiffs did not file their consent in writing to the assignment of the lease by Reidy to the Los Angeles Haynes Company, nevertheless they had given such written consent to two prior assignments, and "did not in anywise or at all reserve or impose any condition, covenant or obligation against the further assignment thereof"; that the lessors accepted rent from Reidy with full knowledge that he had assigned the lease. In other words, the trial court found that by accepting the rent with knowledge of the breaches of covenants of the lease by Reidy, the lessors had waived the provision requiring their written consent to validate an assignment, and also that by giving consent to the two prior assignments without further reservation in that regard, they had exhausted their right to require written consent to any subsequent assignment thereof. It was further found that Reidy had not unlawfully retained possession of the leased premises, that the value of the rents and profits of the property was not in excess of $300 per month, and that it was unnecessary for plaintiffs to employ attorneys to prosecute the action.

Appellants argue that the trial court was wrong in holding that the stipulations of the lease that it should not be assigned without written consent of the lessors was exhausted by such consent being given to the assignments from Rutledge to Buxton and from Buxton to Reidy. ■ He who claims a forfeiture must have closed every avenue of escape to his opponent. Mindful that the law provides other remedies more consonant with justice, courts avoid enforcing covenants for forfeiture wherever possible. Such agreements are rarely tolerated. (*Spangler* v. *Spangler,* 11 Cal. App. 321 [104 Pac. 995].) ■ Therefore, in construing provisions of the lease relied upon by appellants, we give full weight to the presumption that it was the intent of the parties to limit its application as narrowly as the language used would permit. ■ The covenant that "the lessee shall not assign or hypothecate this lease or the leasehold estate nor sublet any or all of the demised premises, without the written consent of the lessor first obtained," is personal, binding upon the lessee only, and not one running with the land. ■ In another paragraph of the lease it is stipulated that "each and all of the provisions hereof shall be binding upon . . . the successor or assigns of the lessee if any assignment be made with the consent in writing of the lessor." This provision does not extend the covenant against assignment so as to include Reidy's assignment to the Haynes Company. The contract forbade the "successor or assigns of the lessee" assigning without license. The Los Angeles Haynes Company is neither a "successor" nor one of the "assigns" of Buxton. Not only a strict but a fair construction of this language leaves the lease in the hands of Reidy, free from the forfeiture clause as affecting the right of assignment. (*German American Sav. Bank* v. *Gollmer,* 155 Cal. 683 [24 L. R. A. (N. S.) 1066, 102 Pac. 932] ; *Randol* v. *Tatum,* 98 Cal. 390 [33 Pac. 433] ; *Chapman* v. *Emeric,* 5 Cal. 49 [63 Am. Dec. 80], and for a case almost on all-fours with the instant one, see *Easley Coal Co.* v. *Brush Creek Coal Co.,* 91 W. Va. 291 [112 S. E. 512].) The only manner in which the inhibition may be made binding upon subsequent assignees is by appropriate language in the lease itself or by a qualified consent to each assignment. (*Rothrock* v. *Sanborn,* 178 Cal. 693 [174 Pac. 314].)

■ On the other branch of the appeal we have no difficulty in upholding the judgment of the trial court. If the assignment were to be regarded as a breach of the lease, the evidence is sufficient to support the finding that the right to take advantage of such breach was waived by the lessors. It is true that in accepting each month's rent from Reidy, Dr. Miller executed a receipt in the following language: "Received from P. M. Reidy three hundred dollars for rent of premises at 1140 So. Figueroa St., for the month of (inserting date) without prejudice to any of my rights under the lease of said premises."

This was a clear attempt to eat the cake and still keep it. His actions belie his words. ■ Waiver is a question of intention. (*Alden* v. *Mayfield,* 164 Cal. 6 [127 Pac. 45]; *Jones* v. *Della Maria,* 48 Cal. App. 171 [191 Pac. 943]; *Myers* v. *Horskowitz,* 33 Cal. App. 581 [165 Pac. 1031].) For the lessors month after month to accept rents specified in the lease, and at the same time declare that there was a forfeiture, results in an irreconcilable inconsistency. Dr. Miller knew that Reidy assigned or sublet to the Haynes Company as early as October 17, 1922, when appellants served the first notice above mentioned. This was two years before suit was filed, and he accepted rent from Reidy even after that time. The very words of the receipt given by Dr. Miller compel the conclusion that when each one was signed he regarded the lease as still in force. Each of these instruments declares that the lessors yet maintain all "rights under the lease of said premises." If an unauthorized assignment had been made the lessors had the right to declare the term at an end, or they could have waived the breach and let the lease continue. Nowhere within that agreement, nor in the law, is there a stipulation or provision that they might do both. The trial court found against appellants on the issue of waiver, and we are satisfied that their conduct was such as to justify that finding.

■ But appellants assert that one relying upon a waiver must plead it, and that "a recovery cannot be had on evidence of waiver of conditions where the complaint states performance of the conditions." There is no merit in this claim, for, assuming the legal premise to be correct as a rule of pleading, the answer pleads facts which the trial court

found to be true, and which it is clear were held by that court to constitute a waiver of the provisions of the lease involved in this suit. In that behalf it is alleged in the respondent's answer that at the time of the transfer of Reidy's interest to the Los Angeles Haynes Company the lessors knew of that transfer, and saw said company enter possession of the premises and remain there; also that "every month commencing in October, 1922, to October, 1924, prior ·to the commencement of the action, the plaintiffs have accepted the sum of three hundred and no/100 dollars ($300.00) monthly as rental for said premises under said lease."

In view of the foregoing, other points discussed by appellants do not require consideration.

The judgment is affirmed.

Thompson, J., and Collier, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 2, 1927, and a petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 1, 1927, and the following opinion then rendered thereon:

THE COURT.—The petition for a hearing in this court is denied. The judgment appears to have been properly affirmed for the reasons set forth in the discussion of the second branch of the appeal. We are not to be understood as approving or disapproving what is said elsewhere in the opinion concerning the covenant against assignment contained in the lease.