[S. F. No. 12291. Department One.—April 19, 1928.]

WARREN G. BUCHANAN, Respondent, v. J. O. BANTA et al., Appellants.

Ramsey Probasco, and Clarence DeLancey for Appellants.

J. E. Rodgers and A. F. Bray for Respondent.

PRESTON, J.—Appeal from judgment in favor of plaintiff in an action in unlawful detainer. The sole question is whether, under the circumstances shown by the evidence, defendants held possession of plaintiff's property under a month to month tenancy after surrender of lease by operation of law, as found by the court, or whether they held under an assignment of lease by operation of law, as contended by said defendants.

Plaintiff as lessor leased said property for garage purposes for a period of five years at a monthly rental of $200 with a $25 monthly increase for the last three months of the term. Upon execution of the written lease he accepted, to secure performance of its covenants, the sum of $600, which was to be applied on account of the payment of the last three months installments of rental thereunder. The lease also provided that no assignment thereof should be made without the written consent of the lessor.

In January, 1925, a few months prior to expiration of the term, the lessee agreed to make for the benefit of his creditors an assignment of all his business assets, including said lease, to defendants as a committee representing the

principal creditors, their purpose being to carry on the business only until such time as it could be disposed of to the advantage of all concerned. This committee called upon plaintiff lessor to discuss the situation, especially with respect to taking over the lease. Plaintiff refused to give them an assignment thereof or to do anything in the matter until he first consulted his attorneys. At a subsequent interview the committee had with them a document assigning the lease and other assets for the benefit of the creditors executed by the lessee, and also executed by many of the creditors, which instrument contained the following covenant: "To pay the costs and charges of these presents . . . which specifically includes the payment of rent to Warren Buchanan according to the terms of the aforementioned lease." A place had been provided thereon for signature by the said lessor, but, although he examined the paper, for an unexplained reason it was never signed by him.

As to the conversation between the parties at their various meetings and as to their resulting agreement and mutual understanding, the evidence is in sharp conflict. Plaintiff testified that he positively refused at all times to assign the lease, but permitted the creditors to go in under a month to month tenancy until such time as they could dispose of the business. The three defendants and an interested attorney testified that it was understood that the creditors were taking possession under an assignment of the lease with the benefit of all its provisions, for were it otherwise they would have refused to attempt any adjustment of the lessee's affairs by taking over his business. It was also understood by these parties that in the event of a final sale of said business during the term of the lease the privilege of taking an assignment thereof would be extended to the purchaser.

At any rate, the creditors entered into possession and on January 29, 1925, paid the rental, then about two weeks overdue, for the period from January 15th to February 15th. Thereafter they continued to pay the monthly rental up to commencement of the last three months of the term; that is, up to May 15th, upon which date under the lease the initial payment of $600 should have applied upon the then due installment. On May 28th, no rental having been received, plaintiff duly notified defendants to surrender the

premises within three days. After their failure so to do he instituted this action and obtained judgment against them in the sum of $600, $200 rental and $400 damages.

■ Among other things, the court found that prior to said purported assignment the lessee had violated and surrendered the lease to plaintiff, and the assignment by said lessee was without plaintiff's knowledge, consent, or acquiescence; that possession of the premises by defendants was under a month to month tenancy; that plaintiff had not waived any right or claim that he had in declaring the lease forfeited, nor was he estopped from declaring said forfeiture. These findings state fairly respondent's position on this appeal, namely, that of implied surrender of said lease by operation of law (*Welcome* v. *Hess*, 90 Cal. 507 [25 Am. St. Rep. 145, 27 Pac. 369]; *Steel* v. *Thompson,* 59 Cal. App. 192 [210 Pac. 430]; *Triest* v. *Goldstone,* 173 Cal. 244 [159 Pac. 715], and like cases), and the taking possession thereafter of the premises by appellants under a month to month tenancy.

The rule set forth in the above cases is sound, but it is to be noted that none of them involve the question of assignment. In other words, if, as contended by appellants, the evidence establishes an assignment by operation of law, the rule announced in said cases has no applicability to the facts here, nor can any support whatsoever be found in the record for the findings made by the trial court; that is, plaintiff's testimony, which stands alone, as to said alleged surrender, forfeiture, and nonassignment by him of the lease becomes immaterial when admittedly his actions belied his words, and the record proves that he not only utterly failed to exercise his alleged option to forfeit said lease for violations thereof, or to give any notice of such intention on his part, but on the contrary, with full knowledge of said assignment by the lessee to appellants, he permitted them to take possession of the premises and thereafter accepted from them without protest the rentals specified in the lease. ■ The law is that where there is a clause in a lease that it shall not be assigned without previous written consent of the lessor, and this covenant is breached, the lessor has only the option to forfeit the lease for such breach; the assignment is not void, but voidable only at the option of the lessor, which option he must ex-

ercise according to law (*Garcia* v. *Gunn*, 119 Cal. 315, 319
[51 Pac. 684] ; *Potts Drug Co.* v. *Benedict*, 156 Cal. 322, 327
[25 L. R. A. (N. S.) 609, 104 Pac. 432] ; *Randol* v. *Tatum*,
98 Cal. 390 [33 Pac. 433] ; *Baker* v. *Maier etc. Brewery*,
140 Cal. 530 [74 Pac. 22] ; *Gray* v. *Maier etc. Brewery*, 2
Cal. App. 653, 657 [84 Pac. 22] ; *Blessing* v. *Fetters*, 40
Cal. App. 471 [181 Pac. 108] ; *Jones* v. *Maria*, 48 Cal. App.
171 [191 Pac. 943]).

The fact that appellants neglected to tender the $25
per month additional rent for the last three months until
after commencement of this action has no significance, as
at the beginning of said period the $600 deposit amply cov-
ered the $225 then due and the lease did not provide that
said additional sum of $75 should be payable prior to ex-
haustion of the $600 fund.

The recent companion cases of *Miller* v. *Reidy*, 85 Cal.
App. 757 [260 Pac. 358], and *Reidy* v. *Miller*, 85 Cal. App.
764 [260 Pac. 361] are directly in point and discuss all
questions here to be determined. The facts of said cases
are similar to those of the case at bar, and the material pro-
visions of the lease involved therein are practically identi-
cal with the provisions of the lease here. In said cases the
provision against assignment without written consent of the
lessor had been violated and demand made by him upon
the sublessee to remove from the premises or return pos-
session to the lessor, but said sublessee did neither. The
court held: ''He who claims a forfeiture must have closed
every avenue of escape to his opponent. Mindful that the
law provides other remedies more consonant with justice,
courts avoid enforcing covenants for forfeiture wherever
possible. Such agreements are rarely tolerated (*Spangler*
v. *Spangler*, 11 Cal. App. 321 [104 Pac. 995]. . . .

''If the assignment were to be regarded as a breach of
the lease, the evidence is sufficient to support the finding
that the right to take advantage of such breach was waived
by the lessors. It is true that in accepting each month's
rent from Reidy, Dr. Miller executed a receipt in the fol-
lowing language: 'Received from P. M. Reidy three hun-
dred dollars for rent of premises at . . . for the month of
. . . without prejudice to any of my rights under the lease
of said premises.' This was a clear attempt to eat the cake
and still keep it. His actions belie his words. Waiver is

a question of intention. (*Alden* v. *Mayfield*, 164 Cal. 6 [127 Pac. 45] ; *Jones* v. *Maria, supra; Myers* v. *Herskowitz*, 33 Cal. App. 581 [165 Pac. 1031].) For the lessors month after month to accept rents specified in the lease, and at the same time declare that there was a forfeiture, results in an irreconcilable inconsistency. . . . If an unauthorized assignment had been made the lessors had the right to declare the term at an end, or they could have waived the breach and let the lease continue. Nowhere within that agreement nor in the law is there a stipulation or provision that they might do both.''

Judgment reversed.

Curtis, J., and Seawell, J., concurred.