[Civ. No. 11896.  First Dist., Div. One.  May 4, 1942.]

TROMPETER & COMPANY (a Corporation), Respondent,
v. EMMA MONACO et al., Appellants.

Marcus, Rabwin & Nash for Appellants.

James E. Bates for Respondent.

MURPHY (E. P.), J. pro tem.—Plaintiff and respondent
herein brought suit to foreclose two street improvement bonds
issued under the Street Improvement Act of 1911. The bonds
covered two parcels of real property owned by Emma Monaco.
From a judgment rendered in favor of plaintiff and respon-
dent, defendants Emma Monaco and Armand Monaco prose-
cute this appeal upon a written stipulation of facts. Sum-
marized, these facts are as follows:

Respondent is the owner and holder of two street improvement bonds, Nos. 19 and 20 of Series 3 issued by the city of Los Angeles under the Street Improvement Bond Act of 1911. Two parcels of real property owned by appellant Emma Monaco are covered by the bonds in question. The bonds were issued on November 14, 1924, and matured on January 2, 1935. On July 11, 1935, appellant Emma Monaco paid all of the accrued interest on the bonds up to the time of maturity. The unpaid balance of principal amounted to $140.23 on bond No. 19 and $140.02 on bond No. 20. Appellant paid no interest accruing after maturity. In addition to the amounts heretofore mentioned, respondent claims interest on each bond of approximately $78 and a penalty of $104, as provided for in the act under which the bonds were issued.

There are no provisions in the bonds which require the payment of any interest after maturity, although section 76a of the Bond Act requires the court in the foreclosure action to award interest "up to the time of judgment." In addition section 3289 of the Civil Code provides that: "Any legal rate of interest stipulated by a contract remains chargeable after a breach thereof, as before, . . ." On one or more occasions between the 11th of July, 1935, and the 28th of February, 1937, appellants herein offered to pay to the city treasurer of Los Angeles interest on the bonds accruing after maturity, which interest payments were refused by the city treasurer.

The street bonds involved in this proceeding matured on the 2d of January, 1935. The last payment of principal on each of the bonds due on that date was not paid. For more than four years thereafter appellants remained in default on these payments. Respondent's action was begun on the 17th of January, 1940, at which time appellants were still in default.

Appellant argues that by the terms of section 76a of the Street Improvement Act of 1911, an action to foreclose bonds issued pursuant to said act must be commenced within four years after the due date of the last installment.

Section 1 of the Moratorium Act of 1935 (Deering's Gen. Laws, Act 5104f, Stats. 1935, p. 72) provides as follows:

"Subject to the provisions hereinafter mentioned, no proceeding at law or otherwise shall be commenced or continued by the holder of any special assessment bond issued for any public improvement in the State of California that constitutes

a lien upon any real property described in said bond, to foreclose or enforce the lien thereof, until February 28, 1937. After the expiration of thirty days from the date this act takes effect, this act shall not prohibit the commencement of any such proceeding in any case where any interest upon such bond is delinquent at the time any such proceeding is commenced.''

Section 3 of the same act extends the limitation on an action to foreclose an assessment bond for the period of time that foreclosure or enforcement thereof is prohibited by said act. The section provides as follows:

''The period of time within which any proceeding or action must be taken or filed to foreclose or enforce the lien of such special assessment bond pursuant to any law or laws is hereby extended for such period of time as such foreclosure or enforcement is prohibited according to the provisions of this act. . . .''

The validity of such statutes is no longer open to question. In *Home Building & Loan Association* v. *Blaisdell*, 290 U. S. 398 [54 S. Ct. 231, 78 L. Ed. 413, 88 A. L. R. 1481], the principle was enunciated to the effect that in the stress of economic emergency the relief of debtors is a legitimate subject of state legislation. The case involved the Minnesota mortgage moratorium law enacted in that state in 1933. The Supreme Court of the United States held that while contracts are made subject to the police power of the state, and that in an emergency this power may be exercised to prevent strict enforcement of a contract, the exercise of such power should be reasonable, and that one of the main requirements be that the party otherwise entitled to enforce the terms of a contract receive reasonable compensation during the time his ordinary remedy is postponed. It was urged that the Minnesota act was invalid on the ground that it was repugnant to article 1, section 10 of the Fourteenth Amendment to the Constitution of the United States. The United States Supreme Court, however, held that the act was not a violation of the so-called contract clause for the reason that the mortgagee, in order to obtain the protection of the act, had to pay interest on the obligation in addition to the rental value of the property.

Respondent contends that the Moratorium Act of 1935 extends the statute of limitations in respondent's favor for

a period of nineteen months and twenty days, that is, until the 11th of July, 1940. Thus, it is argued, the action would be within the extended statute of limitations since the action was filed on the 17th of January, 1940. Respondent relies on section 1 of the Moratorium Act which provides, in part, that "this act shall not prohibit the commencement of any such proceeding in any case where any interest upon such bond is delinquent at the time any such proceeding is commenced."

It is urged that the legislature in employing the language "any interest upon such bond" intended the words "upon such bond" to be words of limitation. Otherwise, respondent argues, the legislature would have omitted the words "upon such bond." The only interest provided for in the bonds upon which suit to foreclose was brought is the "coupon" interest; that is, interest reflected by the coupons attached to the bonds.

To this argument we cannot subscribe. We think it clear that by the provisions of section 1 of the Moratorium Act a bondholder was not prohibited from commencing an action to foreclose a bond in any case where "any interest" upon such bond was unpaid and delinquent at the time the action was begun. We believe the words "any interest" refer to legal interest due on the bonds after maturity as well as to coupon interest due before maturity. Under section 76a of the Bond Act and section 3289 of the Civil Code, *supra,* interest was due after maturity. No accrued interest on the bonds after maturity was ever paid by appellants.

Appellants were delinquent in the payment of legal interest from January 2, 1935, and for a period of more than four years before the commencement of this action on January 17, 1940. Respondent could have brought suit at any time within the four year period beginning January 2, 1935. Their failure to do so constitutes a bar within the meaning of section 76a of the Street Improvement Act of 1911. (§ 3289, Civ. Code; *Casey* v. *Gibbons,* 136 Cal. 368, 371 [68 Pac. 1032]; *Puppo* v. *Larosa,* 194 Cal. 717, 720 [230 Pac. 439]; *Reidy* v. *Miller,* 85 Cal. App. 764 [260 Pac. 361].)

We think it clear that under the provisions of section 1 of the Moratorium Act of 1935, the period laid down by statute within which an action to foreclose could be commenced was extended only for the time during which the property owner was not delinquent in the payment of "any interest" due on the bonds. That appellants were delinquent

in the payment of legal interest for more than four years prior to the filing of this action is admitted in the agreed facts. During this entire period no prohibition operated to prevent bringing an action to foreclose the bonds in question. Respondent failed to do this and is, therefore, barred by the provisions of section 76a of the Street Improvement Act of 1911.

We, therefore, hold that the expression "any interest" means not only reflected coupon interest due upon the bonds before maturity, but legal interest after maturity. To restrict these words "any interest" to "coupon interest" alone would subject the act to the fatal violation of the contract clauses of both the federal and state Constitutions.

It is our opinion, therefore, that respondent's action is barred by section 76a of the Street Improvement Act of 1911. The judgment heretofore entered is, therefore, reversed.

Peters, P. J., and Ward, J., concurred.