[Civ. No. 60605. Second Dist., Div. Four. Sept. 21, 1981.]

THRIFTIMART, INC., Plaintiff and Respondent, v.
ME & TEX et al., Defendants and Appellants.

**COUNSEL**

Reed, Peckham & McCortney and Carroll A. McCortney for Defendants and Appellants.

Bodkin, McCarthy, Sargent & Smith and Timothy J. Sargent for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—Defendants[1] appeal from an adverse judgment in this action for unlawful detainer. We affirm the judgment.

[1] It seems to be agreed that Me & Tex is liable equally with its subtenants. For convenience we have used the word "defendant" in this opinion without regard to which entity was involved.

In February of 1964, plaintiff's predecessor[2] leased to defendants Me & Tex a parcel of land in a shopping center. Defendant erected a restaurant on that property. Thereafter the property was sublet to defendant Bahooka, Inc., which, after making some modifications, continued to operate a restaurant on the leased premises. In 1968, Bahooka removed part of the paving from a parking lot and planted that with flowers. Plaintiff had knowledge of that work and made no complaint of it.[3] In 1970, with the consent of plaintiff, Bahooka covered a patio area. Later that year Bahooka conceived a plan to enlarge the restaurant by constructing a banquet room. He sought permission from plaintiff for that addition but received no reply to several attempts to discuss the matter. Finally, in 1973, construction of the addition began and the record indicates that plaintiff was aware of the work but made no complaint until after construction had begun. The first formal notification to Bahooka from plaintiff came in 1974, in the form of a demand that the construction work be removed and Bahooka pay $19,259.09 for back rent. Thereafter negotiations continued between the parties, with offers and counteroffers until, no settlement having been reached, the instant action was commenced in March of 1978.

Although the record suggests some dispute as to the extent of the construction, it is admitted that it violated a clause in the lease requiring plaintiff's consent for such construction and that it encroached in a substantial way beyond the area covered by the lease.

Relying primarily on *McGlynn* v. *Moore* (1864) 25 Cal. 384, and *Miller* v. *Reidy* (1927) 85 Cal.App. 757, 760 [260 P. 358], defendant here contends that the fact that plaintiff accepted rent, at the lease rate, from 1973 until 1978, amounted to a waiver of its right to declare a forfeiture. We conclude that those cases do not support defendant's position. In *McGlynn* rent had been accepted, with full knowledge of the breach relied on, for several months without any protest by the landlord. In *Miller*, rent was similarly accepted, with knowledge of the breach, with only the terse statement, "[W]ithout prejudice to any of my rights under the lease of said premises." The court held that there

---

[2] Plaintiff Thriftimart succeeded to the lessor's interest in the property in May of 1965. The events involved in this action took place after plaintiff became, by that transfer, the lessor.

[3] Although the briefs complain of that conduct, we think it clear that, by plaintiff's knowledge of the removal of the parking area and its failure to object to the planting, it has waived any right to rely on that conduct in this proceeding. The issue before us arises of the banquet room addition.

had been a waiver, saying (at p. 762) that the landlord's action "...
was a clear attempt to eat the cake and still keep it." ■ In the case
at bench, however, plaintiff, from the start of the construction, clearly
evidenced its objection to it. What it did, as a prudent landlord could
well do, was to evidence its willingness to make a new agreement, cover-
ing the new construction and its encroachment, on terms acceptable to
both parties. Waiver is a matter of intent. Here plaintiff, from the start,
evidenced, not a willingness to waive—which would have kept the origi-
nal lease in force at the contractual rent—but a willingness to lease the
land encroached upon and, if that extended lease were arrived at, to
continue the lease on the original parcel. We cannot impose on plaintiff
a penalty for a reasonable effort to achieve an amicable adjustment of
the breach.

The judgment is affirmed.

Woods, J., and McClosky, J., concurred.

A petition for a rehearing was denied September 30, 1981, and appel-
lants' petition for a hearing by the Supreme Court was denied
November 19, 1981.