68 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America for the Use and Benefit of U.S.G.,
INC. dba University Service Company, Plaintiffs-Appellees,
v.
PHARAOH CONSTRUCTION, INC.; Armando S. Dablado, an
individual; George W. Parker, an individual, Defendants,
and
Mary P. Hogan and Michael A. Hogan, Defendants-Appellants.
 No. 94-55676.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1995.*
Decided Oct. 6, 1995.
 
 1
 Before: BROWNING, PREGERSON, Circuit Judges, and TANNER, District Judge.**
 
 
 2
 MEMORANDUM***
 
 FACTS
 
 3
 The facts of this case are known to both parties.
 
 ANALYSIS
 
 4
 Standard of Review.
 
 
 5
 A grant of summary judgment is reviewed de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 6
 * The district court did not err in finding that Mary and Michael Hogan ("Hogan Sureties"), sureties on a federal construction contract, were liable for the lost profits of University Services Company ("University"), a subcontractor. The Miller Act, 40 U.S.C. Sec. 270b(a), states:
 
 
 7
 Every person who has furnished labor or material [under a contract for which a Miller Act payment bond is furnished] ... shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him.
 
 
 8
 (Emphasis added.)
 
 
 9
 Ample caselaw supports University's position. In United States v. Mountain States Const. Co., 588 F.2d 259, 262-63 (9th Cir.1978), we held that where a subcontractor fulfilled its subcontractual obligations, the subcontractor was entitled "to the compensation agreed upon by the parties."
 
 
 10
 University performed as required under the subcontract (the "Subcontract") between it and Pharaoh, and both the Navy and Pharaoh accepted the work. Under Mountain States, the Hogan Sureties are bound to the agreed upon Subcontract price. See also Continental Casualty Co. v. Schaefer, 173 F.2d 5 (9th Cir.) (holding that a subcontractor can collect the subcontract price from the prime contractor's surety), cert. denied, 338 U.S. 820 (1949).
 
 II
 
 11
 The district court did not err in failing to find that the Subcontract was null and void. The Hogan Sureties argue that because a condition precedent had not been met, the Subcontract became null and void. But by accepting Subcontractor University's work, prime contractor Pharaoh waived the condition precedent. See Noel v. Dumont Builders, 178 Cal.App.2d 691 (Ct.App.Cal.1960) (holding that actions which strongly indicate a party to a contract has ignored a condition precedent constitute a waiver of that condition precedent); 1 Witkin, Summary of California Law, Contracts Sec. 768 (9th ed. 1987).
 
 III
 
 12
 The district court did not err by failing to determine whether Subcontractor University had contractual authority to sub-subcontract for the mechanical subcontract. There is no evidence that University ever engaged in secondary subcontracting.
 
 
 13
 But, assuming arguendo that such secondary subcontracting occurred, Pharaoh, by accepting invoices which allegedly bore another company's name without objecting, waived its right to enforce the non-assignment clause of the Subcontract. See Buchanan v. Banta, 204 Cal. 73, 76 (1928); 1 Witkin, Summary of California Law, Contracts Sec. 927 (9th ed. 1987).
 
 IV
 
 14
 The district court did not expand the Hogan Sureties' contingent liability. University only seeks the amount agreed to in the Subcontract.
 
 
 15
 In addition, we need not consider the Hogan Sureties' argument regarding expanded contingent liability because it was not raised at trial. See In re E.R. Fegert, Inc., 887 F.2d 955, 957 (9th Cir.1989) (citations omitted).
 
 V
 
 16
 The district court did not err in failing to determine whether University failed to give the proper notices required by 40 U.S.C. Sec. 270b. Notice under Sec. 270b(a) is required only for those who do not have a contractual relationship with the prime contractor. University does not fall into that category because it had a contractual relationship with Pharaoh. Therefore, the notice provision of Sec. 270b(a) does not apply to University, and the Hogan Sureties' argument fails.
 
 VI
 
 17
 The district court did not err in failing to find that University was estopped from bringing its claim against the Hogan Sureties. The four criteria required to demonstrate an estoppel claim are:
 
 
 18
 (1) the [defendant] was aware of the true facts; (2) the [defendant] intended its representation to be acted on or acted such that the plaintiffs had a right to believe it so intended; (3) the plaintiffs were ignorant of the true facts; and (4) the plaintiffs relied on the [defendant's] representation to their detriment.
 
 
 19
 Acri v. International Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir.) (citations omitted), cert. denied, 497 U.S. 816 (1986). The Hogan Sureties fail to allege facts which suggest that University made representations on which they detrimentally relied. The estoppel claim thus falls.
 
 
 20
 The Hogan Sureties also claim that University was under a duty to investigate the stability and legitimacy of the surety bond prior to entering into the Subcontract with Pharaoh. The Hogan Sureties present no cases establishing a subcontractor's duty to investigate a contractor's surety, nor have we recognized such a duty.
 
 VII
 
 21
 University is entitled to attorneys' fees on appeal. Because the Subcontract provides for attorneys' fees to the prevailing party, we award University reasonable attorneys' fees.
 
 
 22
 Pursuant to Federal Rule of Appellate Procedure 39(a), University is entitled to appellate costs.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Jack E. Tanner, U.S. Senior District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3