[L. A. No. 16261. In Bank.—September 15, 1937.]

FRANK J. BRICK et al., Appellants, v. JOHN CAZAUX et al., Respondents.

Fred N. Arnoldy for Appellants.

Michael F. Shannon and Thomas A. Wood for Respondents.

THE COURT.—A hearing was granted in this case after decision by the District Court of Appeal, Second Appellate District, Division One. Upon further consideration, we are satisfied that the said court has correctly determined the issues presented herein, and we accordingly adopt the opinion of Mr. Justice *pro tempore* White as the opinion of this court. It reads as follows:

"This is an appeal from a judgment of dismissal entered by the trial court after sustaining defendants' demurrer to

an amended complaint without leave to amend. We are also asked to review the order of the court thereafter made denying plaintiffs' motion to further amend their amended complaint in the manner and form proposed by the motion.

"The demurrer was based on the grounds that the amended complaint failed to state a cause of action; that the action was barred by the statute of limitations (subd. 1, sec. 339, and sec. 338, Code Civ. Proc.); and that the amended complaint was indefinite and uncertain in stated particulars.

"The amended complaint charged that on July 3, 1928, defendant Cazaux, as the owner of the parcel of land therein described, sold the same to Grosvenor Inglis Corporation under an executory contract of sale for the sum of $53,900, payable in instalments as therein specified. The contract of sale is annexed to the amended complaint, marked 'Exhibit A'. It was further charged that the vendee made the initial payment, went into possession, and thereafter continued to make the subsequent payments as specified in the contract. It was then averred that on and prior to September 22, 1928, the vendee under said contract entered into negotiations with the plaintiffs Frank J. and Helen A. Brick for the sale to the latter of the vendee's interest under the executory contract, culminating in an escrow agreement on September 22, 1928, marked 'Exhibit B', and annexed to the amended complaint. This agreement called for the assignment of the vendee's interest under the contract to the plaintiff Citizens National Trust & Savings Bank upon payment to the vendee under said contract of sale of a specified sum and the assumption of the unpaid balance of the purchase price due under the contract. It was then alleged that pursuant to said escrow agreement, the vendee delivered to the bank its executed copy of the contract of sale, together with an assignment in due form of the vendee's rights thereunder. The amended complaint alleged that the closing of the escrow was, by the terms of the escrow agreement, made contingent upon the procuring of defendant Cazaux's consent to the conveyance to the plaintiff bank of said parcel of land, to be held by the bank for the benefit of plaintiffs Brick and wife under a trust indenture thereafter to be arranged, so as to secure the payment to defendant Cazaux of the unpaid balance of the purchase price. The amended complaint then sets forth that after protracted negotiations were carried on between Brick and

Cazaux, they failed to come to terms, whereupon Brick arranged for the payment to Cazaux of the entire unpaid balance of the purchase price, and thereafter, on July 19, 1929, the vendee under the said contract of sale, 'with the intent and for the purpose of consummating the sale to the plaintiffs Frank. J. Brick and Helen A. Brick of its interest as vendee under said agreement . . . as contemplated by said escrow agreement', gave to the depositary its amended escrow instructions, pursuant to which Cazaux, by a grant deed dated July 17, 1929, and recorded August 6, 1929, a copy of which is attached to the amended complaint, marked 'Exhibit C', conveyed the parcel of land in question to the plaintiff bank, the latter acting as trustee under a subdivision trust theretofore created by and for the benefit of plaintiffs Brick and wife. The amended complaint further alleged that concurrently therewith Cazaux delivered to the plaintiff bank a receipt acknowledging 'full settlement and satisfaction' of the contract.

"The amended complaint then charged that prior to this conveyance, but subsequent to the execution of the executory contract of sale on July 3, 1928, to-wit, on December 5, 1928, a condemnation proceeding was commenced under the 'Acquisition and Improvement Act of 1925' to take for street purposes a 100-foot strip bisecting the parcel of land here in question. It was then averred that on November 19, 1929, an interlocutory judgment and decree was entered in said condemnation proceeding confirming an award of $4,880 for the taking of that portion of the parcel of land sought for street purposes; that thereafter, on October 24, 1930, an amount sufficient to pay said award having been deposited in court, a final judgment of condemnation was entered therein.

"The amended complaint further charged that defendant Cazaux was made a party defendant in the condemnation proceedings, and suffered his default to be entered therein; that neither the vendee under the executory contract of sale nor any of the plaintiffs herein were joined as parties in said condemnation proceedings; that none of the plaintiffs herein had any knowledge or notice of the fact that an award had been made in said condemnation proceedings, and that plaintiffs did not ascertain or discover that fact until on or about April 20, 1935. The amended complaint further averred

that although plaintiffs knew as a matter of general knowledge of the proposed extension of said street, and that the proposed route thereof would bisect the parcel of land here in question, plaintiffs had no knowledge of any of the orders made or steps taken in said proceedings and did not anticipate, expect or know that any award would be made therein for the taking of said portion of the land, for the reason, alleged in the amended complaint, that plaintiffs intended to and did cause to be filed a subdivision map of said parcel of land, designating thereon as a public street that portion thereof sought to be taken under the condemnation proceedings.

''The amended complaint then proceeds to allege that on or about November 7, 1932, more than three years after the date of Cazaux's conveyance of the property in question to plaintiff bank, Cazaux was informed by 'One Doe', a professional searcher of records, that the award in question had been made and was still on deposit in court. The amended complaint then charges that the defendants entered into a conspiracy for the purpose of wrongfully and fraudulently procuring the payment and distribution to themselves of the said award, and concealed the facts with respect thereto from the plaintiffs. It is then alleged that with full knowledge of all of the facts charged in the amended complaint, and well knowing that the defendant Cazaux was not entitled to the said award and the whole thereof, and without the knowledge or consent of the plaintiffs, the defendants wrongfully and fraudulently procured the payment of said award, together with accrued interest thereon, in the total and aggregate sum of $5,083.12, to John Cazaux. The amended complaint then alleges that said sum so obtained was divided between the defendants. The amended complaint then alleges that plaintiffs herein were without knowledge of the making or payment of the award in question until April 20, 1935, and proceeds to set out the means by and through which plaintiffs obtained knowledge.

''In urging a reversal of the judgment, appellants earnestly contend that the amended complaint stated a cause of action, for the reason that it alleged that defendant Cazaux, having received full payment of the entire purchase price for the property in question in July, 1929, more than three years prior to the collection of the award, was without any right

to receive the same, and that plaintiffs, as the purchasers of the property in question, were entitled to the award.

In condemnation proceedings, the title to the property condemned does not vest in the public until payment has been made as required by the verdict of the jury or judgment of the court and a copy of the final order of condemnation has been filed for record in the office of the county recorder of the county in which the condemned property is situated. (Code Civ. Proc., sec. 1253.) In the instant case, the allegations of the amended complaint clearly show that defendant Cazaux executed his deed conveying absolute title in the property to the plaintiff bank while the condemnation proceedings were pending; and the universal rule appears to be that where property is purchased which is subject to pending condemnation proceedings and the deed conveying said property is silent as to the award money to be paid in the proceedings, said money belongs to and is payable to the purchaser. (*Security Co.* v. *Rice*, 215 Cal. 263, 266 [9 Pac. (2d) 817, 82 A. L. R. 1059]; *Obst* v. *Covell*, 93 Minn. 30 [100 N. W. 650]; *Hull* v. *Phillips*, 128 Mo. App. 247 [107 S. W. 21]; *Gates* v. *De La Mare*, 142 N. Y. 307 [37 N. E. 121]; *Virginia-Carolina Ry. Co.* v. *Booker*, 99 Va. 633 [39 S. E. 591]; Lewis on Eminent Domain, 3d ed., secs. 894, 895; *Price* v. *Engelking*, 58 Ill. App. 547, 552.) When, therefore, respondent Cazaux, during the pendency of condemnation proceedings, conveyed these premises to plaintiffs, he conveyed all the rights which he had growing out of the ownership of this property. If nothing further was done by the county with reference to the street improvements, ordinarily plaintiff grantee would have remained the owner which respondent Cazaux's deed made it. After the county pays into court the amount of the judgment, the grantee, if it retains title to the property, is entitled to such money. It was paid for the grantee's land, its title, its possession, and not that of the respondent Cazaux.

''Respondents contend, however, that in the instant case the demurrer to the amended complaint was properly sustained without leave to amend because of the allegations therein contained to the effect that plaintiffs, on September 11, 1929, caused to be filed and recorded a subdivision map of the said parcel of land, designating thereon as a public street or highway that portion thereof consisting of the

100-foot strip of land in question, and showing the same on said map as a section or portion of Slauson avenue. We are cited by respondents to the California statutes of 1929, page 1790 (Deering's General Laws, Act 4578), wherein provision is made for the dedication of portions of private subdivision lands for street purposes, and which act was in effect at all times subsequent to August 14, 1929. It appears to be the rule in this state that whenever the dedication is complete the property becomes public property, and the owner loses all control over it or right to its use; that after the dedication is complete by the owner's act, whether express or implied, it is thereafter irrevocable by him, and the effect of such dedication cannot be qualified by any act or declaration thereafter made on his part. (*Archer* v. *Salinas City*, 93 Cal. 43, 51 [28 Pac. 839, 16 L. R. A. 145].)

Respondents contend that appellants, having pleaded in their amended complaint a statutory dedication on September 11, 1929, which was prior to the entry of the interlocutory judgment in the condemnation proceedings, were not, therefore, on the date of the entry of the interlocutory judgment, November 19, 1929, the owners of the easement condemned in the condemnation proceedings, and they were therefore not entitled to the condemnation award. It is unquestionably sound, as an abstract principle of law, that a person claiming to be entitled to moneys awarded as compensation for the condemnation of property must establish an interest or estate in the thing condemned. The provision of our Constitution (art. I, sec. 14) provides that compensation for the taking of private property shall be paid to the owner. It seems to us that under the allegations of appellants' amended pleading they failed to sustain the foundational requirements necessary to state a cause of action, in that they not only failed to plead that upon the date of the taking of the property for public purposes they were the owners thereof, but they have affirmatively pleaded that prior to the entry of the interlocutory judgment they divested themselves of the ownership of the particular property condemned in the condemnation proceedings. This, in our opinion, deprives them of the right to challenge in this action the receipt of the award by the respondent John Cazaux, because it is undoubtedly the rule that compensation in general must be paid

to the person who owned the property at the time it was taken or injured. (*People* v. *Joerger,* 12 Cal. App. (2d) 665 [55 Pac. (2d) 1269].) The demurrer to the amended complaint was therefore properly sustained without leave to amend.

"In the amendments proposed to the amended complaint through motion made after sustaining of the demurrer without leave to amend, appellants did not allege any facts different from those pleaded in the amended complaint with reference to the dedication by them for public purposes of the property around which the action of condemnation centered; for which reason the motion for leave to file the proposed amendments was properly denied.

"The foregoing conclusions at which we have arrived render it unnecessary to consider or decide other points raised.

"For the foregoing reasons, the judgment from which the appeal herein is taken is affirmed."