[Civ. No. 11945.   First Dist., Div. Two.   Mar. 26, 1942.]

NORTHWESTERN PACIFIC RAILROAD COMPANY (a Corporation), Respondent, v. CONSUMERS ROCK & CEMENT COMPANY (a Corporation), Appellant.

Randolph V. Whiting and Henry F. Wrigley for Appellant.

Paul V. De Ford and A. G. Goodrich for Respondent.

SPENCE, J.—Plaintiff filed a complaint in unlawful detainer praying for restitution of certain real property and treble rental. The trial court found that no three-day notice had been served as alleged in the complaint and that no notice had been served terminating or forfeiting the lease under which plaintiff had leased the premises to defendant's assignor. The trial court therefore denied judgment for restitution but entered its judgment in favor of plaintiff for the sum of $184, being rental at the rate of $60 per month, which amount was found by the trial court to be the reasonable rental value of the premises during the period that defendant was in possession thereof. Defendant made a motion for a new trial. Upon the hearing of said motion, the trial court made its order denying said motion but further ordering that the findings of fact, conclusions of law and judgment be amended so as to increase the amount awarded to $224. Defendant appeals from the portions of said judgment and order awarding said amounts to plaintiff.

In 1924, plaintiff leased the premises in question to Pacific States Construction Company for a period of one year at a monthly rental of $10. The written instrument provided that in case the lessee should hold over, such holding should be deemed a tenancy from month to month. It further provided that the lease could not be assigned without the written consent of plaintiff. The lessee went into possession and remained in possession under the lease until March 20, 1940, at which time defendant went into possession under an assignment from the lessee. Plaintiff did not give its written consent to said assignment and it refused to accept tenders by defendant of the monthly rental provided in the lease. Plaintiff wrote three letters to defendant stating that it refused to recognize the

validity of said assignment but it served no notice terminating or declaring a forfeiture of the lease. The trial was had in August, 1940, and it appears that in the meantime the major portion of said premises had been taken by the state for the purposes of a right of way for a highway.

Defendant contends that the trial court erred in awarding to plaintiff any amount in excess of the rental provided in said lease for the period during which defendant was in possession of said premises. We are of the opinion that this contention must be sustained.

The assignment of the lease without the consent of the lessor did not of itself terminate the lease or render the assignment void but the making of such assignment merely gave to the lessor certain rights to be exercised in the manner provided by law. (*Buchanan* v. *Banta,* 204 Cal. 73 [266 Pac. 547] ; *Potts Drug Co.* v. *Benedict,* 156 Cal. 322 [104 Pac. 432, 25 L. R. A. (N.S.) 609] ; *Garcia* v. *Gunn,* 119 Cal. 315 [51 Pac. 684] ; *Licht* v. *Gallatin,* 84 Cal. App. 240 [257 Pac. 914] ; *Ruppe* v. *Utter,* 76 Cal. App. 19 [243 Pac. 715].) If the lessor desired to stand upon the covenant against assignment, he could have given notice of his election to declare a forfeiture of the lease and could have sued for breach of the covenant. He could also have had his remedy in unlawful detainer if possession had been thereafter withheld following proper notice. But we find no authority indicating that the lessor had the option of merely giving notice of the invalidity of the assignment without declaring a forfeiture of the lease, and then suing for rental in excess of that provided in said lease. We are satisfied from the authorities cited that the lessor had no such option and that, under the circumstances before us, the award of rental in excess of that provided by the lease was not warranted.

The portions of the judgment and order appealed from are reversed.

Nourse, P. J., and Sturtevant, J., concurred.