[S. F. No. 17009. In Bank. Sept. 19, 1944.]

THE PEOPLE, Plaintiff and Respondent, v. MATHILDE KLOPSTOCK et al., Defendants; NORTHWESTERN PACIFIC RAILROAD COMPANY (a Corporation) et al., Defendants and Respondents; BERT ELERDING, Appellant.

898

Randolph V. Whiting and Henry F. Wrigley for Appellant.

Holloway Jones, George C. Hadley, Lincoln V. Johnson and Jack M. Howard for Plaintiff and Respondent.

Paul V. DeFord for Defendants and Respondents.

CURTIS, J.—This is an action to condemn a right-of-way in fee for state highway purposes. The only point in controversy is the matter of participation in the compensation award incident to the state's exercise of its right of eminent domain. The trial court adjudged the entire damage recovery in favor of the defendants Northwestern Pacific Railroad Company and City Bank Farmers Trust Company, and de-

creed the interest in the condemned property asserted by the defendant Elerding to be noncompensable. From the judgment accordingly entered in rejection of his damage claim, the defendant Elerding prosecutes this appeal.

The material facts affecting the disposition of this litigation are not in dispute: The defendant Elerding's position herein rests upon his claim as assignee, through a succession of assignments, of a lease executed in 1924 by the defendant Northwestern Pacific Railroad Company, as lessor, and Pacific States Construction Company, as lessee. That lease covered a portion of the premises here involved and was for a period of one year at a monthly rental of $10. It provided that in case the lessee should hold over, such holding should be deemed a tenancy from month to month. The lease also contained a provision against assignment without the written consent of the lessor and a stipulation that the lessee, if not in default as to its covenants, was entitled, within thirty days after demand for surrender of possession, to remove any buildings or structures it had placed on the leased premises. The lessee went into possession and erected on the property an asphalt plant and appurtenant facilities. It remained in possession under the lease until March 20, 1940, at which time Consumers Rock & Cement Company went into possession under an assignment of the lease and a bill of sale covering the plant and its appurtenances. The lessor did not give its written consent to the assignment and it declined the assignee's tender of the monthly rental provided in the lease. The lessor wrote three letters to the assignee—dated March 27, April 8 and May 13, 1940—stating that it refused to recognize the validity of the assignment and requesting the removal of any property owned by the assignee on the premises, but it served no notice terminating or declaring a forfeiture of the lease. Thereafter the lessor commenced an action in unlawful detainer against Consumers Rock & Cement Company. In that action the trial court denied judgment for restitution of the premises upon finding that no notice had been served terminating or forfeiting the lease, but it entered its judgment in favor of the lessor for the claimed rental value of the premises which was in excess of the rental provided in the lease. Upon the appeal in that action the portion of the judgment awarding rental in excess of that provided

in the lease was reversed. (*Northwestern Pacific Railroad Co.* v. *Consumers Rock & Cement Co.,* 50 Cal.App.2d 721 [123 P.2d 872].)

On February 23, 1940, the present proceeding in eminent domain was commenced. Under the provisions of section 14, article I of the Constitution of California, the trial court on said date made its order to the effect that plaintiff could immediately enter upon possession of the real property sought to be condemned as a right-of-way, immediately remove all obstacles from the land and construct the desired highway thereon. At the same time the plaintiff was ordered to, and it did, deposit in court certain moneys in favor of the defendants Northwestern Pacific Railroad Company and City Bank Farmers Trust Company, the owner in fee and mortgagee, respectively, of the parcels of property involved, to secure payment of just compensation to be thereafter determined in this action. Thereafter the plaintiff took possession of said real property and on July 23, 1940, completely wrecked and destroyed the above-mentioned asphalt plant and appurtenances, which stood in the path of the proposed highway project. As appears from his answer herein, the defendant Elerding's interest stems from mesne assignments transferring to him under date of May 28, 1941, all of the rights of the lessee under the aforementioned lease—and, in particular, "all claims and demands of every kind and character against . . . all persons, including the State of California, for damage to and the destruction, dismantling and removal of said plant and its appurtenances and the value thereof." No written consent from the lessor was ever obtained for the various assignments of the lease. The successive transfers of property interest in the leased premises—through assignment and bill of sale—were duly recorded. The trial court found that the various assignments under which the defendant Elerding claimed "were ineffective to vest any right, title or interest in the defendant Bert Elerding, and that said defendant Bert Elerding has no interest in the parcels sought to be condemned and is not entitled to participate in the award or receive any compensation for his alleged interest therein."

The trial court's rejection of the defendant Elerding's damage claim cannot be sustained as a matter of law. The identical legal principle determinative of the point in

issue in the unlawful detainer action brought with regard to this same lease and the breach of the covenant thereunder as to the condition of assignment (*Northwestern Pacific Railroad Co. v. Consumers Rock & Cement Co., supra*) is likewise applicable in this condemnation proceeding in establishing the rights of participation in the compensation award incident thereto. As is there stated at page 723: "The assignment of the lease without the consent of the lessor did not of itself terminate the lease or render the assignment void but the making of such assignment merely gave to the lessor certain rights to be exercised in the manner provided by law. (*Buchanan* v. *Banta*, 204 Cal. 73 [266 P. 547]; *Potts Drug Co.* v. *Benedict*, 156 Cal. 322 [104 P. 432, 25 L.R.A.N.S. 609]; *Garcia* v. *Gunn*, 119 Cal. 315 [51 P. 684]; *Licht* v. *Gallatin*, 84 Cal.App. 240 [257 P. 914]; *Ruppe* v. *Utter*, 76 Cal.App. 19 [243 P. 715].) If the lessor desired to stand upon the covenant against assignment, he could have given notice of his election to declare a forfeiture of the lease and could have sued for breach of the covenant. He could also have had his remedy in unlawful detainer if possession had been thereafter withheld following proper notice. But we find no authority indicating that the lessor had the option of merely giving notice of the invalidity of the assignment without declaring a forfeiture, . . ."

The restriction as to the condition of assignment is a personal covenant for the benefit of the lessor and until he elects to take advantage of the breach as authorized by law, the assignment remains a valid and binding conveyance of the leasehold interest as to all other parties. (15 Cal.Jur. § 177, p. 763; McAdam, Landlord and Tenant, 5th ed., § 143, p. 655, et seq.; *Chapman* v. *Great Western Gypsum Co.*, 216 Cal. 420, 427 [14 P.2d 758, 85 A.L.R. 917]; *Taylor* v. *Odell*, 50 Cal.App.2d 115, 121 [122 P.2d 919].) Upon this premise the successive assignments, including that to the defendant Elerding, though made without the written consent of the lessor, were merely *voidable*, not void; there was no ipso facto termination of the lease by reason of the lessee's failure to obtain the lessor's written consent to assignment. Since the lessor did not elect to exercise its option to *avoid* the original assignment in the manner prescribed by law, its notice in its above-mentioned letters to the first assignee, Consumers Rock & Cement Company, that it did not recognize the valid-

ity of the assignment gave no legal force to its demand therein that such assignee remove all property owned by it from the leased premises within a stated period of time. There was yet *no effective demand by the lessor for surrender of possession* as contemplated under the provisions of the lease to be the base starting point for the limitation of time allowed the lessee (or its assignee) to protect its right to remove its property from the premises. By such action the lessor was not following the procedure required for the enforcement of the terms of the lease, and therefore the original assignee of the lessee was in lawful possession of the premises. (*Northwestern Pacific Railroad Co.* v. *Consumers Rock & Cement Co.*, *supra.*) While the course of action pursued by the lessor— notice to the assignee of the "invalidity of the assignment" coupled with the demand that it remove its property from the premises and the refusal to accept the tender of rent— unquestionably was sufficient to apprise the assignee that it *might be* dispossessed because of the lessee's violation of the covenant in question, under the authorities above cited the lessor's option to *void* the objectionable transfer depended upon its *declaration of a forfeiture upon proper notice* as provided by law. But the lessor did not take advantage of the exclusive remedy available to it for termination of the lease, and accordingly the defendant Elerding, through mesne assignments, succeeded to all the rights of the lessee.

The state Constitution (art. I, § 14) provides that compensation for the taking of private property shall be paid to the owner. In fixing awards in condemnation cases compensation must be paid to the owners as their respective interests shall appear at the time when the taking of property for a public use is deemed to occur—at the date of the issuance of summons. (Code Civ. Proc., §§ 1248, 1249; *Brick* v. *Cazaux,* 9 Cal.2d 549, 556 [71 P.2d 588]; *City of Los Angeles* v. *Blondeau,* 127 Cal.App. 139, 140 [15 P.2d 554]; *People* v. *Joerger,* 12 Cal.App.2d 665, 671 [55 P.2d 1269].)

At the time of the constructive taking here—February 23, 1940—the lessee indisputably was the owner of the asphalt plant and appurtenances it had theretofore erected on the leased premises, and it had the right to remove them therefrom according to the terms of the lease. Subsequently the defendant Elerding succeeded—through assignment and bill of sale—to the right to compensation for the state's destruction of this original property interest of the lessee. Upon

such basis there can be no question as to the propriety of his claim to participate in the condemnation award. The principle governing damage considerations in an eminent domain proceeding involving the disturbance of a leasehold estate is well stated in McAdam, Landlord and Tenant, fifth edition, section 10, pages 23-25:

"The State's appropriation of land, unless qualified when made, is an appropriation of all that is annexed to the land whether classified as buildings or as fixtures. . . . *Trade fixtures are regarded as personalty as between the tenant and owner [of the land] so far as the right of removal is concerned, but as between the tenant and the condemning party they are regarded as a part of the realty for the purpose of making compensation, so long as they remain fixtures, and where by the exercise of the right of eminent domain they are destroyed or injured in value, damages may be recovered therefor by the tenant.* The award made for such fixtures in condemnation proceedings therefore belongs to the tenant. . . .

"Where there is a condemnation of land, and also a destruction of a valuable plant erected by a tenant thereon, *the value of the plant,* even though not adding to the value of the land, *must be awarded to the tenant.* It is proper . . . in condemnation proceedings, to make separate awards not only for the fee of the land, but to the lessee who has erected business buildings and a plant thereon." (Italics added.)

In accord with this statement of the law, see *City of Los Angeles* v. *Hughes,* 202 Cal. 731, 737 [262 P. 737] ; and *City of Los Angeles* v. *Klinker,* 219 Cal. 198, 205-210 [25 P.2d 826, 90 A.L.R. 148].

Under these legal principles the defendant Elerding properly claims compensation for the state's invasion of his property rights through destruction of the asphalt plant and appurtenant facilities on the condemned premises. The judgment is therefore reversed, with directions to the trial court to amend its findings in accordance with the views herein expressed and to include in its compensation award such damages in favor of the defendant Elerding as it shall determine from the record herein to be properly representative of the value of his loss.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J. concurred.