[Civ. No. 24589.   Second Dist., Div. One.   Sept. 13, 1960.]

CITY OF BEVERLY HILLS, Respondent, v. KATHRYN
STEVENS ALBRIGHT et al., Defendants; WALTER C.
JENSEN et al., Appellants.

Paul D. Holland for Appellants.

Robert E. Michalski, City Attorney and Anson, Gleaves & Larson for Respondent.

LILLIE, J.—An action in eminent domain was brought by the city of Beverly Hills to condemn and acquire for municipal off-street parking certain improved commercial property referred to herein as Parcel 1, owned by defendant Kathryn Stevens Albright and leased to defendants and appellants herein, Betty B. Jensen and Walter C. Jensen. Other defendants were named in the cause in connection with parcels not here material. Prior to trial, the action against defendant

Albright was dismissed, she having entered into a settlement with plaintiff whereby she transferred to it by grant deed of July 1, 1959, all of her right, title and interest in Parcel 1. The cause against appellants was tried without a jury; the lower court found they had no compensable interest in the property and awarded them nothing. From the judgment they appeal. The matter comes to us on the judgment roll alone.

On November 24, 1954, appellants leased Parcel 1 from defendant Albright for a retail toy store for a five-year term commencing January 1, 1955, ending December 31, 1959.

Section (17) of the lease provides in pertinent part:

"Any and all alterations, additions, improvements or fixtures (except trade fixtures) made or placed in or upon said premises shall at the termination of said term by lapse of time or otherwise, belong to the Lessor without compensation to Lessee."

Section (18) thereof continues:

"Should the leased premises be taken under condemnation proceedings or be acquired by any public authority in any other manner, the estate of Lessee shall cease and determine upon but not prior to the date when the Lessee shall be actually required to yield possession, and all liabilities of the Lessee hereunder accruing subsequent to such date shall cease . . . Lessee hereby assigns to Lessor his rights to any and all damages for property taken in any such proceeding and all such damages shall be payable to lessor." No mention of trade fixtures was made in this provision.

Thereafter, appellants in the operation of the store premises installed what they alleged to be certain "trade fixtures" valued at approximately $6,000, and "which cannot be economically, or without substantial loss of their entire value, removed from the said premises." Appellants were still occupying the premises, and the fixtures remained in place and continued in use by them, as of the date of trial (August 21, 1959), although the fixtures were "in fact" subsequently removed from the premises by appellants pursuant to the provisions of the judgment permitting their removal on or before September 14, 1959. We are unable to determine from the record before us if all of the fixtures were removed.

The issue is twofold—whether the "trade fixtures" became part of the leased premises owned by defendant Albright and condemned and actually taken by plaintiff under the within condemnation proceeding, for which the former was compensated and in which appellants had no property right;

and, if they did not become part of the realty remaining appellants' personal property, whether they were "taken" by the condemnor in "any such proceeding," and, if so, whether appellants divested themselves of their right to any damages therefor by assignment thereof to defendant Albright.

The trial court found that the lease under which appellants were in possession contained sections (17) and (18) (hereinabove set forth), cited by way of reference to a finding immediately preceding in connection with other defendants, Dorothy and Harry Finer, who held a similar parcel under a lease with defendant Albright containing identical provisions, (Finding VI (B)); further found that "certain commercial trade fixtures" had been affixed to the premises during the term of the lease and were still in place on the date of trial (Finding VI (C)); and concluded that appellants have no compensable interest in Parcel 1 and are not entitled to compensation for the taking thereof by plaintiff, except that they may on or before September 14, 1959, remove from the premises occupied by them "any trade fixture affixed thereto by them which has not, by the manner in which it is affixed, become an integral part of the premises and which can be removed without injury to the premises." The judgment likewise so provided and, in addition, recited that "(a)ny such fixture not so removed from said premises by said date shall be deemed a part of the real property," and the remaining right, title and interest, *if any*, of the appellants in the fixtures shall be vested in plaintiff upon payment to them of the sums "hereinabove stated." The sum to which the trial court found appellants entitled was declared in the judgment to be $15.50 for costs of suit, and included nothing for fixtures, as in the case of other defendants Drucker and Slotnick, also mentioned therein.

Although the lower court's findings do not expressly declare that it was by reason of sections (17) and (18) of the lease appellants had no compensable interest in Parcel 1, it is obvious from the language employed by the court and its explicit reference to these sections that it relied upon their operation and effect in denying an award. Likewise the trial court made no finding relative to the nature of the fixtures. We are somewhat hampered in our consideration of this point inasmuch as this appeal comes to us only on the judgment roll and the oral proceedings being unavailable, we are unable to ascertain what, if any, proof of their removability was offered at the trial; we suspect none, because of the limited

issues set forth in the pretrial stipulation. However, it is apparent from the record before us that the lower court at the outset believed that the fixtures, by their nature, became a part of the leased premises owned by defendant Albright and in which appellants had no property right, but provided that *if* "any" trade fixture had been so affixed as not to become an integral part of the premises and could be removed without injury thereto, it would remain the personal property of appellants (§ (17)). It further reasoned that since these— last referred to fixtures, if any there were, were in place and continued in use by appellants to the date of trial they never became part of the "property taken" by the condemnor for which they could be compensated, and appellants, having retained their property, were entitled to remove it on or before September 14, 1959; in the event they did not do so, whatever fixtures appellants left thereon would become part of the leased premises taken by the condemnor for which appellants would receive nothing—either by reason of their voluntary abandonment by appellants which would divest them of any interest they might have had therein, or by reason of appellants' prior assignment of any right to damages therefor to defendant Albright (§ (18)), who had theretofore transferred all of her interest in the property to plaintiff.

■ But appellants, predicating their entire argument on the premise that the fixtures were removable, advance the position that they remained their personal property as between them and the lessor (§ (17)) and when the entire estate was condemned, constituted "property taken" by the condemnor for which they are entitled to damages, their right to which is not included in the assignment (§( 18)). However, even under the theory that the fixtures were removable, we deem the trial court's findings and judgment to be correct. Assuming, but not declaring that the fixtures did not become part of the realty and remained the personal property of appellants (§ (17)), they still would be entitled to no compensation for the reason that they, having retained possession of the premises, and the fixtures having remained in place and in their continued use to the date of trial, the same could not constitute "property taken" by the condemnation or otherwise. Section (18) provides that, if during the term, the premises are condemned the leasehold estate shall terminate upon lessees actually being required to yield possession. Appellants in fact remained in possession of the premises and continued the use of the fixtures in place at least up to the date of trial—hence their term did not end and they were

not required to yield possession under the lease until entry of judgment of condemnation. Appellants having used them all of this time, the fixtures can hardly be considered "property taken" by the plaintiff, and it was only proper that the court permit appellants to remove their property upon entry of judgment; and, those fixtures they failed to remove, either because they did not wish to, or could not because they had become an integral part of the premises and their removal would result in injury thereto, were to be paid for. But significantly, the court fixed no sum as compensation—this was correct for, either all of the fixtures were removable and could be removed, in which event there would be nothing remaining for which payment would be due, or those which appellants did not remove would become part of the leased premises by reason of the fact appellants chose to leave them on the premises, for which they would be entitled to no compensation for, having left them it "did not constitute the taking by plaintiff of defendants' property." (*People* v. *Auman*, 100 Cal.App.2d 262, 264 [223 P.2d 260]), or, as part of the leased premises, they would then constitute property taken by the condemnor, any right to which appellants had already divested themselves by previous assignment to defendant Albright. This appears to be a fair disposition of the matter, for actually appellants, at the time of the entry of judgment, were in no different position in connection with their fixtures than if the leasehold had normally terminated three and one-half months later on December 31, 1959, under the terms of the lease, at which time they would have had the same right to remove them. That they might be rendered valueless by virtue of their removal because of the manner in which they were affixed to the premises by appellants is of no legal consequence at this point; moreover, the same damages, economic or otherwise, would result to the fixtures upon their removal at the termination of the lease whether the leasehold ended by lapse of time under its terms or condemnation. Appellants are entitled to no greater right merely because of the manner in which their lease terminated as long as the fixtures were not actually taken by the condemnor, but remained the personal property of the appellants, which they could, and did, "in fact" remove (A.O.B., p. 4). If it is suggested that all of the fixtures could not be, and were not, removed because of their manner of being affixed to the premises, then section (18) by which appellants assigned any right of damages they might have had for their

taking to defendant Albright as part of the consideration for entering into the lease, becomes operative divesting appellants of any right to compensation therefor.

This brings us to what we believe to be the true basis of the trial court's findings and judgment. ▮▮▮▮ Subject to certain factors relating to permanency such as physical annexation, adaptation to use with the real property, and intention to annex the same to realty, fixtures installed by a tenant are considered real property and become the property of the landlord upon termination of the tenancy (Civ Code, § 660; *City of Los Angeles* v. *Klinker,* 219 Cal. 198 [25 P.2d 826, 9 A.L.R. 148]; *People* v. *Church,* 57 Cal.App.2d Supp. 1032 [136 P.2d 139]), except where there is an agreement permitting their removal (Civ. Code, § 1013) or where they are affixed for the purpose of *trade,* if in addition "the removal can be effected without injury to the premises, unless the thing has, by the manner in which it is affixed, become an integral part of the premises." (Civ. Code, § 1019.)

▮▮▮▮ Appellants' lease excepted "trade fixtures" from those which, at the termination of the lease, would become part of the premises of the lessor without compensation (§ (17)); thus, as between lessor (defendant Albright) and lessees (appellants) any "trade fixtures" could be removed upon termination of the leasehold. However, inasmuch as the lease fails to define "trade fixtures," it is necessary to resort to the definition found in section 1019. Thereunder, trade fixtures which remain the personal property of the lessee are those which can be removed from the demised premises without injury to the latter unless by the manner in which they have been affixed they have become an integral part thereof. If, then, the fixtures in the instant case have become so permanently attached and such an integral part of the premises as to take them out of the definition of "trade fixtures" contained in section 1019, they are not removable and at the termination of the lease they become the property of the lessor without compensation, as part of the leased premises in which appellants have no interest. If it is argued that appellants, even then, had any right to damages for the taking of the fixtures as part of the leased premises, such right would automatically become the property of the lessor (§ (18)). Although it is true that under ordinary circumstances, as between the condemnor and the lessee, trade fixtures are regarded as part of the realty for the purpose of fixing compensation for their taking, damages therefor may be recovered by the tenant and the award made for such fixtures

in condemnation proceedings belongs to the tenant under the rule of *People* v. *Klopstock*, 24 Cal.2d 897 [151 P.2d 641]; (Code Civ. Proc., § 1246.1); in view of appellants' assignment to the lessor of any right they may have had thereto (§ (18)), no compensable interest therein remains in appellants.

As previously herein briefly noted, appellants predicate their appeal on the premise that the fixtures, ''trade fixtures,'' were removable; and argue at length in their closing brief that the case was tried in the lower court on this assumption and thus we must assume that the evidence would establish the same. Respondent, on the other hand, defends the judgment on the ground that the fixtures were so permanently affixed to the demised premises and would be so valueless when removed as to take them out of the definition of removable trade fixtures found in section 1019.

Although oral proceedings of the trial are not before us, it is certain from what record is available that no issue relating to the removability of the fixtures existed in the lower court, and contrary to appellants' contention, the case actually was tried on the premise originally advanced by appellants themselves in their answer and in the pretrial statement, that the fixtures were ''permanently affixed to the premises'' and were not removable. Appellants in their answer alleged that they ''erected, installed and affixed upon said leased premises trade fixtures necessary for the operation of said business, which fixtures had a market value at the time of the commencement of this action in excess of $6,000, and which cannot be economically or without substantial loss of their entire value removed from the premises.'' (Paragraph I, Answer.) That appellants prior to this appeal in fact believed the fixtures to be so permanently affixed as to constitute an integral part of the premises and thus not removable, is borne out, not only by their pleading, but in a stipulated pretrial statement wherein the parties agreed that the first of the two issues to be tried in the cause is ''the right of said defendants to claim compensation for the value of their leasehold interest, including the value of certain trade fixtures alleged by them to be *permanently* attached to the premises.'' (Emphasis added.) We assume appellants read and knew the effect of such a stipulation, particularly since reference to any issue concerning whether the fixtures were removable was omitted. Thus, it is apparent that the case was tried by both parties and heard by the lower court on the theory that the

fixtures were permanently affixed to the leasehold, an integral part of the premises and not removable. That the court also assumed this to be a fact is supported by the lack of any finding on such an issue and its application of sections (17) and (18) in the lease to the matter of compensation; and its ultimate conclusion that appellants had no compensable interest in the leased premises, allowing them to remove *any* trade fixture which has not become an integral part of the premises and which can be removed without injury thereto.

As permanent fixtures, neither under the law nor under the lease have appellants a right to remove them, and as part of the leased premises owned by defendant Albright they were taken by plaintiff; although, appellants were permitted to use the same until judgment. Under appellants' assignment to the lessor (§ (18)), whatever damages thereto, or to those fixtures left on the premises after September 14, 1959, the court may find due from plaintiff to appellants, would automatically become the property of defendant Albright. Appellants claim compensation for property rights they do not possess.

Appellants' extensive argument that they never intended the assignment in the lease to include any right to damages they might have for the taking of the fixtures in question and that the lease must be so construed, is without merit, for on its face the lease is clear and explicit in its terms, the provisions of which lend themselves to the within reasonable and fair result. (Civ. Code, § 1638); and taking the document as a whole, giving effect to every provision thereof (Civ. Code, § 1641) we find no need for a judicial interpretation of the terms of the lease including proof of the intention of the parties. Certainly no doubt exists concerning the meaning of the plain language employed in the lease, which governs the construction of the document.

That one of the parties does not like the result of the operation of its provisions is no justification for placing a forced construction on a lease contrary to that supported by the clear and explicit language of the document.

Any argument that the condemnor under the lower court's judgment could evade payment of just compensation for fixtures is specious. Obviously if payment, because of prior assignment by them cannot be awarded to the lessees, under the rule of *People* v. *Klopstock, supra,* 24 Cal.2d 897, damages for the taking nevertheless remain in the award to lessor as compensation for the entire leased premises.

It is assumed that in fixing the value of the whole, regardless of how it is later apportioned or to whom it is eventually awarded, that the owner and the condemnor, as the court, will take into consideration damages to the leasehold interest particularly if of substantial value (Code Civ. Proc., § 1246.1). If equipment is affixed to the land which is condemned compensation for its loss will be included in the value of the property taken (*City of Los Angeles* v. *Klinker*, 219 Cal. 198 [25 P.2d 826, 9 A.L.R. 148]); so too under section 1248, Code of Civil Procedure, the court, in fixing the whole value, must ascertain all improvements and damages for their removal, assessing for each source of damages separately, as well as the value of the realty to be condemned, regardless of how it is later apportioned.

For the foregoing reasons the judgment is affirmed.

Fourt, Acting P. J., and Scott (Robert H.), J. pro tem.,* concurred.

A petition for a rehearing was denied October 10, 1960.

*Assigned by Chairman of Judicial Council.